UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS

VERSUS

STATE OF LOUISIANA

CIVIL ACTION

No. 14-00154-BAJ-RLB

RULING AND ORDER

Before the Court is a **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)** filed by Defendant State of Louisiana ("Defendant").  Defendant seeks to limit Plaintiff Catherine Williams' ("Williams" or "Plaintiff") treating and expert physician to ordinary fact testimony on the ground that he has allegedly not produced an expert report in accordance with Federal Rule of Civil Procedure ("Rule") 26.  Plaintiff has opposed the motion.  (Doc. 21).  Oral argument is not necessary.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  For the reasons stated below, the Court orders the parties submit additional briefs regarding Defendant's **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)**.

## I.   BACKGROUND

The facts precipitating Plaintiff's filing of this action have been described in detail in the Court's prior **Ruling and Order (Doc. 35)** on Defendant's motions for partial summary judgment (Docs. 14, 18), and are sufficiently described in the record of these proceedings.  A reiteration of those facts is unnecessary here.

## II.    LEGAL STANDARD

A testifying witness may provide either factual or opinion testimony at trial, depending on whether the witness is a lay or an expert witness. Fed. R. Evid. 701, 702. "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008). The Federal Rules of Evidence ("Evidence Rules") limit a lay witness' testimony in the form of opinions or inferences to those opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If the witness is an expert witness whose opinion rests upon scientific, technical, or specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact at issue, the witness may testify in the form of an opinion or otherwise if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Pursuant to Rule 26, a party who wishes to employ an expert witness to present evidence at trial must disclose to the other parties the identity of the expert it may use at trial "at the times and in the sequence directed by the court." Fed. R.

2

Civ. P. 26(a)(2)(A); *Michaels v. Avitech, Inc.*, 202 F.3d 746 (5th Cir. 2000) (internal quotation marks omitted). Furthermore, if the expert witness is retained or specifically employed for the purpose of litigation, as contemplated by Rule 26(a)(2)(B) (the "higher standard"), he must produce to the other parties an expert report containing his opinions, the facts and data used, any exhibits to be used, the witness's qualifications, other cases he has testified in, and a statement of the compensation paid for services. Fed. R. Civ. P. 26(a)(2)(B); *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012).

However, if the expert witness was not specifically retained for the purpose of litigation, Rule 26(a)(2)(C) (the "lower standard") governs his or her testimony and production of a report is not required. Fed. R. Civ. P. 26(a)(2)(C). In this instance, the expert need only submit to the other parties a disclosure stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475 (E.D. La. Nov. 13, 2013).

If a party fails to meet the requirements of Rule 26 as described, the court has considerable discretion in issuing sanctions in discovery matters. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996). Rule 37(c)(1) provides the basis for Rule 26(a) violations. When a party does not provide the requisite information or fails to identify a witness in accordance with

3

Rule 26(a), that party is not allowed to use such information in court, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III.   ANALYSIS

Defendant seeks to limit Dr. Dammers' testimony to that of an ordinary fact witness. (Doc. 17 at p. 1).  Defendant argues that because treating physicians are not specifically retained for purposes of litigation and are not required to produce expert reports pursuant to the higher standard, their testimonies are limited to the parameters of Evidence Rule 701. (Doc. 17-1 at p. 3).  Pursuant to Evidence Rule 701, Defendant contends that treating physicians should be limited to the scope of their personal knowledge.   (Doc. 17-1 at p. 2–3).   According to Defendant's interpretation of Rule 26, Dr. Dammers should not be able to testify regarding anything outside of the facts disclosed during his care and treatment of Plaintiff. (Doc. 17-1 at p. 3).  As such, Defendant asks this Court to exclude Dr. Dammers' testimony regarding "opinions based on his knowledge and/or experience" or "causation." (Doc. 17-1 at pp. 3–4).  Conversely, Plaintiff argues that because Dr. Dammers is a treating physician, he is not required to provide an expert report under the higher standard, and may still provide expert testimony under Evidence Rules 702, 703, or 705.  (Doc. 21 at p. 3).

The experts contemplated by the higher standard of Rule 26(a)(2)(B) "are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial." *Butler v. Louisiana*, No. 12–00420–BAJ–RLB, 2014 WL 7186120, at *2 (M.D. La. Dec. 16, 2014) (*quoting*

*Mangla v. Univ. of Rochester,* 168 F.R.D. 137, 139 (W.D.N.Y. July 10, 1996)).  A treating physician typically falls under the lower standard of Rule 26(a)(2)(C), and therefore treating physicians are generally not required to submit an expert report under Rule 26.  *See* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes, 1993 Amendments (treating medical professionals may be "called to testify at trial without any requirement for a written report"); [1] *see also Boudreaux v. J.P. Morgan Chase & Co.,* No. 07-555, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007); *Knorr v. Dillard's Store Servs. Inc.,* No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).  The testimony of treating physician experts under the lower standard of Rule 26(a)(2)(C) "is based on the physicians [sic] personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources."  *Mangla,* 168 F.R.D. at 139.  Rule 26(a)(2)(C) witnesses "may testify beyond their personal knowledge, . . . [but their opinions] must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation," "rather than from subsequent evaluation as a specially retained expert."  *LaShip,* 296 F.R.D. at 480; *Knorr,* 2005 WL 2060905 at *3.

"While the Fifth Circuit has not directly addressed this issue, other circuits have held someone may be a witness [subject to the lower standard] as to portions of his testimony and simultaneously deemed a retained or specially employed expert

---

[1] The Advisory Committee's notes are a highly persuasive authority when the Court is tasked with enforcing the Rules of Evidence. *See Tome v. United States,* 513 U.S. 150, 160 (1995). The U.S. Supreme Court has often relied on these "well-considered Notes as a useful guide in ascertaining the meaning of the Rules." *Id.* at 160; *see Huddleston v. United States,* 485 U.S. 681, 688 (1988); *United States v. Owens,* 484 U.S. 554, 562 (1988).

who is subject to [the higher standard] as to other portions." *LaShip*, 296 F.R.D. at 480. Therefore, if a treating physician offers expert opinions formed outside of the course of providing treatment, a written report pursuant to the higher standard must be submitted to the other parties. *See Mayers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734-35 (7th Cir. 2010) (holding that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment . . . is required to submit an expert report . . . .").

Plaintiff's interpretation most closely follows the plain language of Rule 26(a)(2)(C) and the intent expressed by the drafters of the Rule. *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes, 2010 amendment. Defendant's argument that treating physicians' testimony should be limited solely to the scope of his personal knowledge has been addressed by the United States District Court for the Eastern District of Louisiana in *LaShip*. In that case, the Court, in its final opinion, clarified its earlier misstatement and articulated that Rule 26(a)(2)(C) should not be construed as limiting the testimony of those held to the lower standard strictly to their personal knowledge. *LaShip*, 296 F.R.D. at 480. Instead, the Court held that witnesses subject to the lower standard may testify beyond their personal knowledge, but must base their expert opinions on "facts or data obtained or observed in the course of the sequence of events giving rise to the litigation." *Id.* Moreover, Defendants' interpretation of Rule 26 would render the lower standard set forth by Rule 26(a)(2)(C) useless. If all treating physicians were

confined to the parameters of Evidence Rule 701 as fact witnesses, there would be no need for Rule 26(a)(2)(C), which expressly allows these experts to present evidence under Evidence Rules 702, 703, and 705 which apply only to expert witnesses. It would be imprudent to confine the testimony of a treating physician to that of a fact witness when the evidence rules expressly allow treating physicians to present evidence as an expert.

As long as Dr. Dammers' opinions and testimony are derived from information learned during the course and scope of Plaintiff's treatment, Dr. Dammers is required only to produce an expert disclosure under the lower standard. However, if for some reason Dr. Dammers' opinions and testimony necessitate the use of information learned beyond the scope of Plaintiff's treatment, an expert report in conformity with the higher standard of Rule 26(a)(2)(B) must be provided.

### A. Dr. Dammers' Disclosure Does Not Comply with the Lower Standard

Next, the Court must consider whether Dr. Dammers' disclosure, which consists solely of Plaintiff's medical records, meets the requirements of Rule 26(a)(2)(C)'s lower standard. The disclosure under the lower standard requires: (1) "a statement of the subject matter to which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Medical records undoubtedly touch on the subject matter of a treating physician's testimony. *See Carrillo v. B&J Andrews Enterprises, LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 394207, at *6 (D. Nev. Jan. 29, 2013); *Ballinger v. Casey's General Store, Inc.*, No. 1:10–cv–1439–JMS–TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012). However "a summary is ordinarily understood to be an abstract, abridgment, or compendium . . . ." *Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011) (internal quotation marks omitted). Although neither this Court nor the Fifth Circuit have discussed this issue in detail, several district courts have rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify. *See e.g.*, *Smith v. Barrow Neurological Institute of St. Joseph's Hosp. & Med. Ctr.*, No. CV 10-01632-PHX-FJM, 2012 WL 4359057, at *1 (D. Ariz. Sept. 21, 2012) (holding that referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is grounds to strike an expert); *Brown v. Providence Med. Ctr.*, No. 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (holding that the disclosure of medical records is insufficient to satisfy the requirements of Rule 26, as "[t]he court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to.").

In *Schultz*, the plaintiff timely designated a treating physician as an expert witness and provided medical records in an effort to satisfy the disclosure requirements of the lower standard. *Schultz v. Ability Ins. Co.*, No. C11-1020, 2012

WL 5285777, at *2 (N.D. Iowa Oct. 25, 2012). The Court noted that the disclosure under the lower standard is "considerably less extensive," but found that the release of medical records as disclosure was not sufficient because the records did not adequately include the subject matter, facts, and opinions of the physician. *Id.* at *5. Similarly, in *Ballinger*, the plaintiffs asserted that a release of medical records satisfied the requirements of the lower standard of Rule 26(a)(2)(C). *Ballinger*, 2012 WL 1099823 at *3. The Court disagreed, finding that "while the medical records touch on the subject matter of a treating physician's testimony, the records do not necessarily provide an accurate or complete summary of expected testimony . . . ." *Id.* at *4. Moreover, the Court expressed concerns about disclosing medical records in lieu of providing a summary because it may "invite a party to dump a litany of medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'" *Id.* As a result the court held that "medical records alone do not comply with [the lower standard of] Rule 26(a)(2)(C)." *Id.*

Here, Plaintiff has failed to produce an actual summary of the facts and opinions to which the witness is expected to testify. Instead, as in *Schultz* and *Ballinger*, Plaintiff produced medical records alone, and argues that "[t]he medical records are the best summary of the facts and opinions regarding Dr. Dammers [sic] testimony." (Doc. 21 at p. 6) (internal quotation marks omitted). As discussed, a disclosure consisting of medical records alone is insufficient to satisfy the lower standard of Rule 26(a)(2)(C).

**B.     Dr. Dammers' Insufficient Disclosure Was Not Validly Supplemented, Thus Its Deficiency Was Not Cured**

The next issue is whether Dr. Dammers' insufficient expert disclosure was later supplemented and any deficiency therefore cured by his subsequent deposition. Rule 26(e)(1) provides: "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."  Fed. R. Civ. P. 26(e)(1).  This is required only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ." or if ordered by the court. *Id.*

In *Harmon*, the plaintiffs' initial expert report did not meet the requirements of the higher standard of Rule 26(a)(2)(B) because it failed to include any opinions regarding the expert witness' expected testimony and did not purport to be an actual expert report. *See Harmon*, 476 F. App'x at 36.  The plaintiffs then submitted "supplemental" discovery which, if combined with the initial report, met the requirements of Rule 26. *Id.*  The Fifth Circuit did not allow Plaintiffs to rely on the "supplementation" to satisfy their burden of producing a complete expert report, holding that supplementary disclosures should supplement the initial report and "are not intended to provide an extension of the expert designation and report production deadline." *Id.* (citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (emphasis removed).

In *Shepherd*, the plaintiff also failed to provide a complete expert report under the higher standard of Rule 26(a)(2)(B) because the report contained neither a statement of the expert's opinions to be offered at trial, nor the facts or data that formed the basis of the report. *Shepherd v. GeoVera Specialty Ins. Servs., Inc.*, No. 14-862, 2015 WL 1040452, at *2 (E.D. La. Mar. 10, 2015). Plaintiff argued that any deficiency in the initial report was cured by the subsequent deposition of the expert, during which the expert articulated his opinions. *Id.* The Court rejected this, holding that "if the Court were to permit an expert who submits a deficient report to cure the deficiencies in his deposition, the disclosure requirements of Rule 26 would be rendered meaningless." *Id.*

While the reports required in *Harmon* and *Shepherd* were subject to the higher standard, the same principles apply in this case. Importantly, while the disclosures required under the lower standard "[are] less extensive than an expert report under [the higher standard], . . . the two forms of disclosure share the goal of increasing efficiency and reducing unfair surprise." *Skyeward Bound Ranch v. City of San Antonio*, No. SA-10-CV-0316 XR, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011). Here, there is no doubt that Plaintiff timely disclosed the identity of her expert and produced at least some of the requisite information regarding Dr. Dammers' expected testimony. (Doc. 17-1 at p. 3). However, as in *Harmon* and *Shepherd*, the initial disclosures are insufficient and have provided Defendant with no summary of the expert's opinions, which is a requirement of *both* the higher and lower standards. Plaintiff is not allowed to assert that a later deposition cured the

11

deficiency, especially when, at the time of Dr. Dammers' deposition, Defendants had no indication of what to expect from Dr. Dammers' testimony, and likely could not adequately prepare for his deposition because of the deficiency. Since Dr. Dammers' deficient disclosure could not be validly supplemented by his later deposition, the deficiency was not cured, and the disclosure fails to meet the lower standard of Rule 26(a)(2)(C).

### C.   Whether Dr. Dammers' Insufficient Disclosure Is Substantially Justified or Is Harmless

Plaintiff's expert disclosure does not meet the lower standard required by Rule 26(a)(2)(C), thus the decision to exclude or limit Dr. Dammers' testimony lies within in the discretion of the Court. Fed. R. Civ. P. 37(c)(1). The Court should exclude or limit the testimony of an expert unless the deficient disclosure is "substantially justified or is harmless." *Id.* In addition to or in the alternative of excluding or limiting an expert's testimony, the Court may give the parties an opportunity to be heard and order other just sanctions. *Id.* The Fifth Circuit has provided a four-factor standard for courts to consider when deciding whether a failure to comply with the Rule 26 disclosure requirement is "substantially justified or is harmless." *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996) (listing the four factors that the Fifth Circuit will examine to determine if the district court abused its discretion in excluding an expert's testimony as a sanction against a party for violating the disclosure requirements of Rule 26(a)). To avoid abusing their discretion, courts must: (1) examine the importance of the witness's testimony; (2) consider the prejudice, if any, to the

12

opposing party of allowing the witness to testify; (3) decide whether there is a possibility of curing such prejudice by granting a continuance; and (4) consider the explanation, if any, for the party's failure to comply with the discovery requirements. *Id.* at 572.

Plaintiff has failed to provide Defendant with a sufficient expert disclosure in accordance with Rule 26.  The insufficient disclosure was not validly supplemented by Plaintiff.  As such, this Court has discretion to sanction Plaintiff's deficiencies by limiting Dr. Dammers' testimony at trial if it finds the insufficient disclosure was not substantially justified or harmless.  However, neither party has provided the Court with information regarding Dr. Dammers' expected testimony, thus the Court is unable to determine the importance of the testimony to Plaintiff's case. Similarly, the Court is ill-equipped to determine what, if any, prejudice would occur to Defendants if the testimony were allowed.  Since the Court has not yet been provided with the necessary information for it to render its decision, the Court will order both parties to brief the issues detailed in the four factor abuse of discretion analysis found in *Sierra Club*.

Accordingly,

**IT IS ORDERED** that both parties shall, within seven days from the date of this Order, brief the Court regarding whether Dr. Dammers' failure to comply with the Rule 26 disclosure requirement is "substantially justified or is harmless," as per the four factors considered by the Fifth Circuit in *Sierra Club, Lone Star Chapter v.*

*Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996).  Neither of the parties' briefs shall exceed five pages in length.

Baton Rouge, Louisiana, this ___11th___ day of September, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA