UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA                           No. 14-00154-BAJ-RLB

RULING AND ORDER

Before the Court is a **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)** filed by Defendant State of Louisiana ("Defendant"). Defendant seeks to limit Plaintiff Catherine Williams' ("Williams" or "Plaintiff") treating and expert physician to ordinary fact testimony on the ground that he has allegedly not produced an expert report in accordance with Federal Rule of Civil Procedure ("Rule") 26. Plaintiff has opposed the motion. (Doc. 21). As per the Court's Ruling and Order (Doc. 36), the parties have submitted supplemental briefs. As such, oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Defendant's **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)** is DENIED.

I.    BACKGROUND

Plaintiff avers that she is an African American female who was employed by the Louisiana Workforce Commission from January 1980 until she retired in June 2011. (Doc. 1 at ¶¶ 11, 13). Williams claims she was "passed over" for promotion on or about March 29, 2010 in favor of a purportedly less qualified, Caucasian female

1

whom Williams supervised. (*See id.* at ¶¶ 7, 13, 20). Williams contends she was not promoted because of her "race and/or gender." (*Id.* at ¶ 31).

Defendant filed its **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)** on May 7, 2015. Defendant argues that Plaintiff's expert witness, treating physician Dr. Paul Dammers ("Dr. Dammers"), did not produce a report in accordance with Rule 26, and should therefore be permitted to testify only as an ordinary fact witness. (Doc. 17 at p. 1). Williams filed her Opposition memorandum to the instant Motion on May 28, 2015. (Doc. 21). Defendant filed its Reply memorandum to Williams' Opposition memorandum on June 18, 2015. (Docs. 29).

The Court issued a Ruling and Order on September 14, 2015 holding that Plaintiff failed to provide Defendant with a sufficient expert disclosure of Dr. Dammers' testimony in accordance with Rule 26. (Doc. 36 at p. 13). The Court further found that Plaintiff did not validly supplement the insufficient disclosure. (*Id.*). The Court then directed both parties to brief the Court regarding whether Dr. Dammers' failure to comply with the Rule 26(a)(2)(C) disclosure requirement is "substantially justified or is harmless," as per the four factors considered by the United States Court of Appeals for the Fifth Circuit in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). (*Id.* at p. 13–14).

## II.   LEGAL STANDARD

In determining whether to strike a party's designation of an expert witness and exclude such testimony as a sanction for violation of a discovery order, a district court must avoid abusing its discretion.  The Fifth Circuit has listed four factors that a district court should consider to guide its decision in such matters: (1) "the explanation, if any, for the party's failure to comply with the discovery order"; (2) "the importance of the witness['] testimony"; (3) "the prejudice to the opposing party of allowing the witness[] to testify"; and (4) "the possibility of curing such prejudice by granting a continuance." *Sierra Club*, 73 F.3d at 572.

## III.   ANALYSIS

### A.   Plaintiff's Reason for Failing To Comply with the Discovery Order

Williams argues that she made a good faith effort to comply with the requirements of Rule 26(a)(2)(C) by releasing Plaintiff's twenty-six pages of medical records from Dr. Dammers to Defendant, and that the Fifth Circuit's law regarding whether such a release of a treating physician's medical records was a sufficient summary under Rule 26(a)(2)(C) was unclear at the time of the disclosure.  (Doc. 37 at p. 3).  Defendant maintains that Plaintiff provided a sufficient report for her second expert witness, Dr. Shamlin, and therefore understood the requirements of Rule 26, but failed to comply with the Rule regarding Dr. Dammers' disclosure. (Doc. 39 at p. 3).  Defendant further avers that under the Fifth Circuit's opinion in *Michaels v. Avitech, Inc.*, 202 F.3d 746, 750 (5th Cir. 2000), the Court should be less inclined to allow Dr. Dammers' testimony because the Court had established a

3

discovery schedule and because Plaintiff had no reason to believe that less than full disclosure was required. (*Id.* at p. 4).

Defendant cites the *Michaels* factors for the proposition that "when a discovery order fails to specify complete disclosure, no current or accelerated discovery schedule is in place, and the plaintiff has some reason to believe that less than full disclosure is required, then the discretion to find a violation must likewise be reduced." *Michaels*, 202 F.3d at 750. Here, Williams does not argue that the discovery order was incomplete, or that the Court did not set a discovery schedule. However, Plaintiff does aver that the lack of clarity in this Circuit regarding whether disclosure of Plaintiff's medical records is a sufficient summary under Rule 26(a)(2)(C) is sufficient reason to allow Dr. Dammers' testimony.

The Court finds that Williams cannot be held to a standard that is unclear in its requirements. Defendant contends that Williams provided a letter from her second expert witness in this case, Dr. Shamlin, regarding the doctor's opinion in the case and as such had no reason to believe that less than full disclosure of Dr. Dammers' testimony was required. (Doc. 39 at p. 4). However, Defendant does not specify whether Dr. Shamlin was disclosed as a witness under Rule 26(a)(2)(B), under which the summary requirements are clear, or under Rule 26(a)(2)(C), under which the summary requirements in this Circuit are less clear. In addition, Defendant does not provide any information regarding the length of Dr. Shamlin's medical records compared to those of Dr. Dammers. If Dr. Shamlin's medical records regarding Plaintiff were more extensive and lengthy than Dr. Dammer's,

then a letter from Dr. Shamlin may have naturally seemed the more prudent course of action, even under Rule 26(a)(2)(C). Williams made a good faith effort to comply with Rule 26(a)(2)(C) by timely disclosing the medical records, even if the disclosure was later found to be deficient. As such, the Court finds that this factor weighs in favor of allowing Dr. Dammers' testimony.

### B.    The Importance of Dr. Dammers' Testimony

Plaintiff argues that Dr. Dammers' testimony is necessary to establish damages, explain some of Plaintiff's behavior following her failure to receive the promotion, and to "rebut one of Defendant's purported, legitimate, nondiscriminatory reasons for its failure to promote Plaintiff." (Doc. 37 at p.2). Defendant contends that Dr. Dammers will testify regarding Williams' emotional distress and Williams' belief that Defendant caused the distress. (Doc. 39 at p. 1). Defendant characterizes such testimony as irrelevant and "cumulative at best," given Dr. Shamlin's expected testimony. (*Id.*). Defendant also avers that the importance of a witness' testimony cannot override the enforcement of scheduling orders," and should, in fact, spur Plaintiff to ensure adherence to the Court's deadlines. (*Id.* at p. 2).

The Fifth Circuit has followed two different approaches in determining the importance of a late-designated expert. *Davidson v. Ga. Pac., LLC*, No. 12-CV-1463, 2014 WL 36621, at *7 (W.D. La. Jan. 6, 2014). The Circuit has noted both that the "importance of expert testimony underscores the need to designate the expert witness in a timely manner," and that when a witness' testimony is of particular

importance, "the factor weighs in favor of allowing late designation." *Id.* As in *Davidson*, Dr. Dammers' testimony fulfills both of these criteria. Defendant argues that Dr. Dammers' testimony should be limited because his disclosure was insufficient, not that Plaintiff did not designate him as an expert witness in a timely manner.[1] Further, Defendant's limited characterization of the content of Dr. Dammers' testimony does not correspond with Williams' characterization. Williams asserts that Dr. Dammers' testimony will address medical treatment, causation, and damages, and will rebut one of Defendant's reasons for failing to promote Williams as pretext. (Doc. 37 at p. 2). Defendant maintains that both Dr. Dammers' and Dr. Shamlin's testimonies will discuss "Plaintiff's emotional distress and a belief that the distress was caused by defendant's action." (Doc. 39 at p.1). Plaintiff's characterization of Dr. Dammers' testimony demonstrates that the testimony is far more essential to Plaintiff's case than does Defendant's characterization. As such, both Williams' timely designation of Dr. Dammers as an expert and the importance of his testimony to several elements of Williams' case weigh in favor of allowing Dr. Dammers' testimony.

### C.   The Prejudice to Defendant of Allowing Dr. Dammers to Testify

Williams avers that Defendant could not have been prejudiced by her insufficient disclosure of Dr. Dammers' testimony for two reasons. First, Williams

---

[1] Plaintiff states that she identified both Dr. Shamlin and Dr. Dammers to Defendant's counsel as experts on January 15, 2015, and sent Dr. Shamlin's report and Plaintiff's medical records from Dr. Dammers to Defendant's counsel on February 2, 2015. (Doc. 21 at p. 2). Defendant does not dispute this summary of events. (*See* Docs. 17-1, 29, 39). The Court established deadlines of January 16, 2015 for submission of Plaintiff's expert witness list, and February 2, 2015 for submission of Plaintiff's expert reports. (Doc. 13). As such, Plaintiff's designation and reports were timely submitted.

contends that the medical records that she did timely provide were only twenty-six pages in length, and therefore not unduly burdensome to Defendant to review. (Doc. 37 at p. 3–4). Second, Plaintiff maintains that Defendant did not notify her that the disclosure was incomplete or insufficient, or that additional discovery was needed from Dr. Dammers, until it filed the instant motion to limit Dr. Dammers' testimony. (*Id.* at p. 4). Defendant argues that it has been prejudiced because it has already begun preparing for the scheduled November 2015 trial date, would incur additional costs if it were to have to depose Dr. Dammers again, and that it "would not have the opportunity to obtain an expert and report to rebut Dr. Dammers' new testimony should the need arise." (Doc. 39 at p. 3).

The Fifth Circuit has looked upon arguments similar to Defendant's favorably when supported by the facts of a case. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 & n.10 (5th Cir. 2007). However, here, the Court finds Plaintiff's arguments persuasive. While Williams has presented adequate arguments regarding her failure to provide a complete disclosure, Defendant has not provided any valid explanation for its failure to attempt to resolve any prejudice it purportedly suffered at an earlier point in the discovery process. Plaintiff provided her medical records from Dr. Dammers to Defendant on February 2, 2015. (Doc. 21 at p. 2; *supra*, note 1). However, Defendant apparently did not alert either the Court or Plaintiff of the incomplete disclosure until it filed the instant motion *in limine* on May 7, 2015. (Doc. 17). The Court finds that Defendant filed the instant motion ninety-five days after it received the incomplete disclosure of Dr. Dammers'

testimony on the date Plaintiff's expert reports were due, and forty-nine days after it deposed Dr. Dammers.[2]  Our sister court has held that a defendant was not prejudiced when it failed to bring an insufficient report to the plaintiff's attention until seventy-five days after the plaintiff provided it, and until after the deadline to submit expert reports had passed.  *Davidson*, 2014 WL 36621, at *6.  In doing so, the court noted the defendants' actions raised concerns of "gamesmanship," and that "Defendants could possibly have avoided the issue entirely if they had simply brought their concerns to the Plaintiffs' attention earlier."  *Id.*  Similarly, the Court finds that Defendant's failure to promptly raise its concerns negates its assertion of prejudice.  In addition, Defendant does not explain why it would be unable "to obtain an expert and report to rebut Dr. Dammers' new testimony should the need arise" if the Court were to grant a continuance.  As such, the Court finds this factor weighs in favor of allowing Dr. Dammers' testimony.

### D.   The Possibility of Curing Any Possible Prejudice to Defendant by Granting a Continuance

Plaintiff maintains that Defendant was not prejudiced by the incomplete disclosure, but further contends that any prejudice the Court may find could be cured by a continuance.  (Doc. 37 at p. 4–5).  Defendant argues that "allowing Plaintiff additional time would neither punish Plaintiff's behavior nor deter similar behavior in the future."  (Doc. 39 at p. 3).  The Fifth Circuit has "repeatedly emphasized" to the district courts "that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time."  *Betzel*, 480 F.3d

---

[2]  Plaintiff explained that Defendant took Dr. Dammers' deposition on March 20, 2015.  (Doc. 21 at p. 2).  Defendant does not dispute this summary of events.  (*See* Docs. 17-1, 29, 39).

at 708. As such, and given that the Court has found that Defendant did not suffer any undue prejudice from Williams' incomplete disclosure of Dr. Dammers' testimony, the Court also finds that a continuance would most adequately address the issue here.

Accordingly,

**IT IS ORDERED** that Defendant's **Daubert Motion Or In The Alternative Motion In Limine (Doc. 17)** is DENIED.

**IT IS FURTHER ORDERED** that the pre-trial conference scheduled for September 20, 2015 shall be **RESCHEDULED** for a later date, to be determined.

**IT IS FURTHER ORDERED** that the jury trial in this matter scheduled for November 16-19, 2015 shall be **RESCHEDULED** for a later date, to be determined.

**IT IS FURTHER ORDERED** that the parties shall appear before the undersigned for a status conference on **Thursday, October 15 at 3:00 p.m.** in Chambers to establish new deadlines for the submission of expert disclosures/reports and for expert depositions, and set new dates for the pre-trial conference and the jury trial.

Baton Rouge, Louisiana, this 29th day of September, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA