UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                               CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                               No. 14-00154-BAJ-RLB

ORDER AND REASONS

Before the Court is a **Motion in Limine to Exclude Defendant's Expert Witness, Dr. Marc Zimmermann, From Testifying at Trial (Doc. 38)** filed by Catherine Williams ("Plaintiff"). Plaintiff seeks to exclude testimony from the State of Louisiana's ("Defendant") expert physician on the ground that he has not produced certain disclosures required under Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B).[1] Defendant has opposed the Motion. (Doc. 42). Oral argument is not necessary. For the reasons stated below, the Motion is **DENIED**.

I.   BACKGROUND

Plaintiff avers that she is an African American female who was employed by the Louisiana Workforce Commission from January 1980 until she retired in June 2011. (Doc. 1 at ¶¶ 11, 13). Plaintiff claims she was "passed over" for promotion on or about March 29, 2010, in favor of a purportedly less qualified, Caucasian female whom she supervised. (*See id.* at ¶¶ 7, 13, 20). Williams contends she was not promoted because of her "race and/or gender" in violation of Title VII. (*Id.* at ¶ 31).

---

[1] Plaintiff also argued that failure to exclude Dr. Zimmerman's testimony would be unfairly prejudicial and misleading to the jury in the event this Court excluded or limited the expert testimony of her treating physician, Dr. Paul Dammers. Because this Court declined to exclude or limit the testimony of Dr. Paul Dammers, (Doc. 41), this argument is moot.

1

## II. LEGAL STANDARD

In determining whether to strike a party's designation of an expert witness and exclude such testimony as a sanction for violation of a discovery order, a district court must avoid abusing its discretion. The Fifth Circuit has listed four factors that a district court should consider to guide its decision in such matters: (1) "the explanation, if any, for the party's failure to comply with the discovery order"; (2) "the importance of the witness['] testimony"; (3) "the prejudice to the opposing party of allowing the witness[] to testify"; and (4) "the possibility of curing such prejudice by granting a continuance." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir.1996).

## II. ANALYSIS

Plaintiff argues that the testimony of Defendant's expert witness, Dr. Zimmermann, should be excluded because it failed to disclose the following as required under Rule 26(a)(2)(B): a list of publications he authored in the previous ten years, a list of cases in which he was qualified as an expert to testify in the last four years, and a concise statement of the compensation he has received in relation to his services in this case. (Doc 38-2 at p. 3). Plaintiff asserts that she will be prejudiced by Dr. Zimmermann's insufficient disclosures because she cannot adequately prepare for his trial testimony. (*Id.* at p. 4). Specifically, Plaintiff asserts that she cannot ask her own expert, Dr. Paul Dammers, about Dr. Zimmermann's publications. (*Id*). In full candor, Plaintiff concedes, however, that this defect could be cured by a trial continuance. (*Id.* at p. 5).

Defendant asserts that it timely disclosed the identity of Dr. Zimmermann, his expert report, and his fee schedule by March 6, 2015. (Doc. 42 at p. 1). Defendant further asserts that Plaintiff did not contact it about any deficiencies in its expert disclosures until the filing of her motion *in limine*. (*Id.* at pp. 1—2). Drawing on the factors set forth in *Sierra Club*, 73 F.3d 546, 572, Defendant asserts that its failure to comply with Rule 26 disclosures was "harmless" because Plaintiff waited one-hundred and ninety days to object to the incomplete disclosures and has since been given a list of all cases and publications necessary to satisfy the requirements of Rule 26. (*Id.* at pp. 3—5). As a result, Defendant argues Plaintiff will suffer no prejudice by allowing Dr. Zimmerman to testify. (*Id.* at p. 4). Defendant stresses that Dr. Zimmermann is its only expert witness and his testimony is critical to its defense. (*Id.* at p. 3). Lastly, Defendant maintains that it inadvertently failed to comply with Rule 26 and did not act with the purpose of delaying this litigation. (*Id.* at p. 5).

Upon review, this Court finds that Plaintiff did not suffer any undue prejudice from Defendant's incomplete disclosures of Dr. Zimmermann that would warrant his exclusion as an important expert witness in this matter. Plaintiff's motion to exclude Dr. Zimmermann's testimony was largely undercut when this Court allowed her expert, Dr. Paul Dammers, to testify in the face of a similar motion *in limine* filed by Defendant. (*See* Doc. 41). Any harm Plaintiff suffered has since been addressed by Defendant's supplemental disclosures. In exercising its wide discretion in this discovery related matter, this Court also notes that

Defendant made a good faith effort to meet the disclosure deadline when it timely identified Dr. Zimmerman as an expert witness and timely disclosed his report and his fee schedule.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion in Limine to Exclude Defendant's Expert Witness, Dr. Marc Zimmermann, From Testifying at Trial (Doc. 38)** is **DENIED**.

Baton Rouge, Louisiana, this 12th day of November, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**