UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                     CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                     NO.: 14-00154-BAJ-RLB

RULING AND ORDER

On January 13, 2016, the Court held a hearing on a **Motion in Limine (Doc. 40)** filed by the State of Louisiana (hereinafter, "Defendant"), which seeks to exclude certain exhibits and witnesses of Catherine Williams (hereinafter, "Plaintiff"). The Court ordered additional briefing relative to Defendant's request to exclude Plaintiff's Exhibit 2, which consists of "[a]ll pleadings filed by Defendant." (Doc. 32 at p. 43). On January 25, 2016, Plaintiff submitted a supplemental brief in support of the admission of Exhibit 2, which also limited the scope of the documents she seeks to introduce into evidence. (Doc. 62). On February 1, 2016, Defendant submitted a supplemental brief in response. (Doc. 65). For the reasons set forth herein, the Court now **GRANTS** Defendant's motion with respect to Plaintiff's Exhibit 2.

I.   BACKGROUND

Defendant seeks to exclude Plaintiff's Exhibit 2 on the grounds that the documents included will confuse the issues, mislead the jury, waste time, and because any statements relied upon therein would constitute hearsay. (Doc. 65 at p. 1).

Case 3:14-cv-00154-BAJ-RLB   Document 68   02/24/16   Page 2 of 5

Plaintiff argues that statements made in Defendant's "pleadings"[1] are binding judicial admissions that remove certain factual assertions from contention. (Doc. 62 at p. 1). Alternatively, Plaintiff argues that statements contained in the documents listed in Exhibit 2 are admissible as ordinary evidentiary admissions pursuant to the Federal Rules of Evidence. (Doc. 62 at p. 2).

## II. DISCUSSION

### A. Judicial Admissions

A judicial admission is a formal concession in a pleading that is binding on the party making it. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Although a judicial admission is not in itself evidence, it has the effect of withdrawing a fact from contention. *Id.* Plaintiff would have the Court determine that statements made in Defendant's Memorandum in Support of Motion for Partial Summary Judgment (Doc. 18-1), Defendant's statement of undisputed facts contained therein (Doc. 18-2), Defendant's answer to interrogatory No. 3 (Doc. 22-8 at p. 2), and Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 30) are all judicial admissions that are binding on Defendant.

Plaintiff's supplemental briefing goes to great lengths to characterize the aforementioned documents contained in Exhibit 2 as "pleadings." (Doc. 62 at pp. 1—2). Memoranda in support of motions addressed to the Court, however, are not "pleadings" as defined by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

---

[1] As discussed in part II.A, *infra*, Plaintiff misidentifies the filings she seeks to introduce in Exhibit 2.

2

7(b) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."). Similarly, an answer to an interrogatory is certainly not a pleading. *Id.* Accordingly, the Court does not afford great weight to Plaintiff's cited authority instructing that statements in pleadings may become binding judicial admissions.[2]

To the extent the Court has vast discretion to treat statements in *pleadings* as binding judicial admissions of fact, the Court declines to exercise its vast discretion to treat statements in *memoranda* as binding judicial admissions of fact. *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (declining to rule that statements made in memoranda were judicial admissions and recognizing the vast discretion district courts have in making such a determination);[3] *Taylor v. The Allis-Chalmers Mfg. Co.*, 320 F. Supp. 1381, 1385 (E.D. Pa. 1969), affd. per curiam, 436 F.2d 416 (3d Cir. 1970) (where statements made outside of pleadings were not found to be judicial admissions). Simply put, the Court does not find that Defendant intended to withdraw assertions made in its memoranda from contention.

---

[2] Plaintiff relies on *White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983), which states that assertions made in *pleadings* are normally conclusively binding on the party who made them. Plaintiff also relies on the inapposite case *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001), which was concerned with statements made by counsel in the course of a deposition.

[3] The Court notes that the decision in *City Nat'l Bank* suggested that the outcome reached may have been different had the party sought to introduce undisputed statements of fact set forth in a memorandum of law, but this suggestion is not dispositive. Any determination would still be subject to the discretion of the trial court.

## B. Evidentiary Admissions

Plaintiff argues in the alternative that Defendant's answer to interrogatory No. 3 and statements made in memoranda to the Court should nonetheless be considered evidentiary admissions. (Doc. 62 at p. 2). Unlike judicial admissions, evidentiary admissions are merely considered another item in evidence that may be controverted or explained by the party that made them. *Martinez*, 244 F.3d at 476—477 (describing the distinction between a judicial admission and an ordinary evidentiary admission). Defendant seeks to exclude documents contained in Exhibit 2 under Federal Rule of Evidence 403, which provides district courts vast discretion to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *United States v. Tidwell*, 559 F.2d 262, 267 (5th Cir. 1979).

Upon Review, the Court finds that the probative value of Plaintiff's Exhibit 2 is substantially outweighed by the danger of confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.[4] Fed. R. Evid. 403. Admission of Defendant's memoranda, and any assertions contained therein, would be largely cumulative because they convey information already available to Plaintiff at trial in the form of witnesses and their corresponding depositions; the same is true for Defendant's answer to interrogatory No. 3. Furthermore, the wholesale or selective

---

[4] As previously stated, Defendant asserts that introducing into evidence statements made in its memoranda would raise significant hearsay issues. Given the Court's conclusion under Rule 403, the Court pretermits this argument.

admission of memoranda into evidence would result in confusion, as the statements contained therein are legal arguments and representations made by Defendant's counsel. For these same reasons, the probative value of such documents would not outweigh their prejudicial effect on Defendant.[5]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion in Limine (Doc. 40)** is **GRANTED** with respect to the exclusion of Plaintiff's Exhibit 2.

Baton Rouge, Louisiana, this 24th day of February, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] This Ruling and Order should not be interpreted as limiting the use of documents contained in Plaintiff's Exhibit 2 for impeachment purposes. If required, the Court will address this issue at trial.