UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                         No. 14-00154-BAJ-RLB

ORDER

On January 13, 2016, the Court held a hearing on a **Motion in Limine (Doc. 40)** filed by the State of Louisiana ("Defendant"), which seeks to limit testimony and exclude evidence that Catherine Williams ("Plaintiff") may seek to introduce at trial.[1] (Doc. 60). The Court has addressed each challenge set forth in Defendant's motion with the exception of its request to exclude evidence related to the ORS Manager II position after the decision was made to promote Ms. Sonnier. Upon review, the Court now **GRANTS** Defendant's motion with respect to evidence of the ORS Manager II position after the decision was made to promote Ms. Sonnier.

I.  **Arguments of the Parties**

Defendant asserts that evidence related to the ORS Manager II position after the decision was made to promote Ms. Sonnier is irrelevant under Federal Rule of Evidence ("Rule") 402. Alternatively, Defendant asserts that under Rule 403, the probative value of such evidence is substantially outweighed by the danger of creating unfair prejudice and confusion. (Doc. 40-1 at pp. 3—4). The linchpin of Defendant's argument is that the only issue at trial is whether the decision to promote someone

---

[1] Plaintiff filed a response to Defendant's motion and Defendant filed a reply. (Docs. 48, 52).

other than Plaintiff was motivated by race and/or gender discrimination in violation of Title VII. (*Id.*). Defendant asserts that evidence pertaining to the position *after* Ms. Sonnier's promotion has no bearing on this discrete legal issue. (*Id.*). Instead, Defendant suggests that such evidence speaks to whether—with the benefit of hindsight—it made the right decision. (*Id.*).

In response, Plaintiff asserts that she must demonstrate that Defendant's proffered reasons for failing to promote her are pretextual. (Doc. 48 at p. 4). Plaintiff further asserts that Ms. Sonnier was demoted to an ORS Specialist 4 without a reduction in pay less than three years after her promotion. (*Id.*; Doc. 32 at p. 42). Plaintiff essentially argues that Ms. Sonnier's ability to adequately perform the ORS Manager II position is relevant to whether she was better qualified than Plaintiff for the job at the time the promotion decision was made. (Doc. 48 at p. 4). Thus, in Plaintiff's view, Ms. Sonnier subsequent job performance may undermine Defendant's stated reasons for passing over her for the ORS Manager II promotion. (*Id.*). Plaintiff further asserts that Defendant has placed Ms. Sonnier's demotion into evidence by offering Joint Exhibit J-9, thereby opening the door to testimony about her job performance. (Docs. 32 at p. 42, 48-1 at p. 1).

II. Discussion

The Court has difficulty reconciling Defendant's motion to exclude the evidence at issue with its agreement to Joint Exhibit 9, which is Ms. Sonnier's "Employee Notification Form." (*Id.*). As indicated by Plaintiff, this form contains the brief notation "Demote No Reduction" next to corresponding dates and salary information.

(Doc. 48-1 at p. 1). Also contained is the brief notation "Reason Voluntary Demotion." (*Id.*). Without much extrapolation, Joint Exhibit 9 makes it clear that Ms. Sonnier was demoted within three years of her promotion. (*Id.*). By identifying this document as a joint exhibit, Defendant has indicated that it will seek to rely upon it at trial and not object to its admission into evidence.

Despite this curiosity, the Court nonetheless concludes that evidence related to Ms. Sonnier's job performance *after* the decision was made to promote her is either irrelevant under Rule 402 or otherwise inadmissible under Rule 403. The Court is guided by the cautionary principle that in Title VII cases, "we do not try in court the validity of [an employer's] good faith belief as to [one] employee's competence [in comparison to another]." *Deins v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) (citing *Mayberry v. Vought Aircraft* Co., 55 F.3d 1086, 1091 (5th Cir. 1995)). Put differently, the law gives employers the latitude to make poor decisions in the promotion process, just not discriminatory ones. *Bell v. Bank of Am.*, 171 F. App'x 442, 445 (5th Cir. 2006) ("However, the law is clear that discrimination laws [are not] vehicles for judicial second-guessing of business decisions.") (internal quotations omitted).

At trial, the jury will be tasked with determining whether Plaintiff would have been promoted but for her race or sex. *See* Fifth Circuit Pattern Jury Instructions (Civil), § 11.1 (2014). Evidence of Ms. Sonnier's performance *after* she was promoted is relevant only as to whether Defendant made the *right* choice as opposed to a *discriminatory* one. *See Francis v. D.C.*, 731 F.Supp. 2d 56, 74 n.9 (D.D.C. 2010)

(finding that "even if" an employee who replaced the plaintiff "ultimately resigned from the position . . . because the job proved 'too much for him' . . . the Court 'must beware of using 20/20 hindsight.' Rather, it looks to the operative moment when [the employee] was hired") (internal citation omitted). This is especially true where, as here, the individual selected for the position was not demoted until almost *three years* after being promoted.

### III. Conclusion

The central inquiry in this Title VII case must be on what motivated Defendant at the time it made the decision to promote Ms. Sonnier; Plaintiff cannot engage in Monday morning quarter-backing. *Taylor v. Weaver Oil & Gas Corp.*, 76-H-925, 1978 WL 111, at *10 (S.D. Tex. Aug. 10, 1978) ("With the aid of hindsight, one might second-guess [an employer] and conclude that his decision was 'not the best,' that other persons . . . were equally or perhaps better qualified . . . This, however, is not what Title VII requires, for to do so would require the Court, after the fact, to substitute its judgment for the honest subjective opinion of the employer over four years after the employment decision was made.").

Accordingly,

Defendant's **Motion in Limine (Doc. 40)** is **GRANTED** insomuch as information about the ORS Manager II position after the decision was made to promote Ms. Sonnier is excluded.

Baton Rouge, Louisiana, this 12th day of April, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA