UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                         No. 14-00154-BAJ-RLB

ORDER

Before the Court is a **Motion to File Out of Time Motion in Limine (Doc. 75)** filed by the State of Louisiana ("Defendant"). Defendant seeks leave of Court to file a motion in limine beyond the deadline set forth in the Scheduling Order entered on June 23, 2014. (Docs. 13, 75).

Defendant previously filed a timely motion in limine seeking to exclude, *inter alia*, Catherine William's ("Plaintiff") Exhibit 3 as identified in the Joint Pretrial Order first submitted by the parties.[1] (Doc. 40 at ¶ 4; Doc. 32 at p. 43). Defendant asserted that Exhibit 3 was overly broad and cumulative, and that it also contained hearsay and irrelevant information. (Doc. 40). After a hearing was held on Defendant's motion, the Court instructed Plaintiff to narrow Exhibit 3 and identify specific documents that she seeks to introduce. (Doc. 60). The Court further

---

[1] Plaintiff identified Exhibit 3 as "[a]ny document(s) produced or listed in Initial Disclosures and/or discovery and/or deposition by Plaintiff and/or Defendant. These exhibits are offered to prove all facts in dispute and all legal issues in dispute." (Doc. 32 at p. 43).

1

instructed the parties to confer to reach stipulations regarding Plaintiff's Exhibit 3 if possible.[2] (*Id.*).

It is clear that efforts to resolve the ongoing dispute related to documents contained in Plaintiff's Exhibit 3 as identified in the first pretrial order have been unsuccessful. The Court does not view Defendant's motion as untimely, as it largely reurges the position taken in its previously filed motion in limine. (Doc. 40). To the extent Defendant's motion asserts that Plaintiff also seeks to introduce documents into evidence that were untimely produced or not identified in the Amended Joint Pretrial Order, the Court finds that good cause exists to permit Defendant the opportunity to object to such documents.

---

[2] The parties were again encouraged to reach stipulations regarding Plaintiff's Exhibit 3 during the final pre-trial conference held on March 16, 2016. (Doc. 71). The Court further ordered the parties to submit an amended pre-trial order, which was filed by Plaintiff on April 22, 2016. (Doc. 73).

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to File Out of Time Motion in Limine (Doc. 75)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendant's motion on or before **Thursday, June 9, 2016 at 5:00 p.m.**

**IT IS FURTHER ORDERED** that the parties appear for a hearing on Defendant's motion **in Courtroom 2 on Friday, June 17, 2016 at 8:30 a.m.**

**IT IS FURTHER ORDERED** that the parties also be prepared to discuss the manner in which the issue of front pay and back pay will be handled at trial.[3]

Baton Rouge, Louisiana, this 3rd day of June, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Although not an issue raised by the parties, the Court notes that such awards are equitable remedies. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 970 (5th Cir. 1991) (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 823 (5th Cir. 1990)) (instructing that "front pay is an equitable remedy and therefore the court, not the jury, determines the amount of the award"); *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (instructing that "[l]ike front pay, back pay is an equitable remedy . . . ."). The Court is inclined to conduct an evidentiary hearing after trial if necessary to determine the amount, if any, of such awards. *Caparotta v. Entergy Corp.*, 168 F.3d 754, 755 (5th Cir. 1999) (noting that the district court held an evidentiary hearing on the issues of attorney's fees and front pay after a jury trial). This would obviate the need to elicit testimony related to front pay and back at trial.