# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CATHERINE WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                           **No. 14-00154-BAJ-RLB**

## ORDER

Before the Court is an amended motion in limine filed by the State of Louisiana ("Defendant"), which seeks to exclude exhibits or portions thereof that Catherine Williams ("Plaintiff") seeks to introduce at trial.[1] (Doc. 91). Plaintiff has filed a response to Defendant's motion. (Doc. 94). For the reasons that follow, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## I.   DISCUSSION

*Medical Records Cut Off Date*

Defendant has no substantive objection to Plaintiff's medical and billing records contained in Exhibits 5 through 14. (Doc. 91-1 at p. 2). Defendant requests, however, that the Court set a deadline by which Plaintiff is no longer allowed to add information to these exhibits. (*Id.*). Plaintiff does not object to the Court issuing such a deadline, and she requests that the Court set a deadline of August 5, 2016. (Doc. 94 at p. 2). The Court finds that a deadline of one week before trial is more appropriate.

---

[1] Defendant was previously granted leave to file a motion in limine beyond the deadline set forth in the Scheduling Order. (Doc. 75—77). The Court held a hearing on the motion, (Doc. 87), and thereafter ordered Defendant to file an amended motion in limine in conformity with instructions provided by the Court, (Doc. 88). Plaintiff was ordered to respond to Defendant's amended motion in the same format. (*Id.*).

Plaintiff shall therefore not add medical and billing records to her exhibits after August 2, 2016.

*Plaintiff's Exhibit 1*

The circumstances underlying Defendants objections to documents contained in Plaintiff's Exhibit 1—her entire EEOC file—are important to the Court's determination and are therefore detailed below.

In the pretrial order first submitted by the parties on August 27, 2015, Plaintiff listed as her Exhibit 3 "[a]ny document(s) produced or listed in Initial Disclosures and/or discovery and/or deposition by Plaintiff and/or Defendant." (Doc. 32 at p. 43). Defendant objected to this exhibit in the pretrial order on the grounds that it was "overly broad and likely includes documents that are irrelevant and a waste of time." (*Id.* at n.73). However, the parties also listed as a joint exhibit Plaintiff's EEOC file— a document presumably produced during discovery—which Defendant indicated would be used to "show including but not limited to prescription issues." (Doc. 32 at p. 41). Thus, while Defendant broadly objected to the scope and relevancy of documents contained in Exhibit 3, it nonetheless agreed, by way of express designation as a joint exhibit, that Plaintiff's EEOC file would be admitted into evidence.

Defendant later filed a motion in limine on September 24, 2015, challenging Exhibit 3 on these same grounds, in addition to asserting that documents contained therein included inadmissible hearsay. (Doc. 40 at p. 2). Defendant requested that Plaintiff identify with specificity which documents she intended to introduce at trial

and for what purpose. (*Id*.). In response, counsel for Plaintiff asserted that she was trying to determine which documents contained in her Exhibit 3 were "entirely necessary at trial," but also stated that she believed at that time that all documents contained therein were necessary and admissible. (Doc. 48 at p. 12).

The Court held a hearing on Defendant's motion in limine, during which it ordered Plaintiff to identify specific documents that fell within the broad universe of documents that comprised Exhibit 3. (Doc. 60). The parties were also ordered to confer to attempt to reach stipulations on the admissibility of documents contained in Plaintiff's Exhibit 3. (*Id*.). Later, at the final pretrial conference, the parties were ordered to submit an amended pretrial order that reflected Plaintiff's identification of specific documents contained within Exhibit 3. (Doc. 71).

On April 22, 2016, Plaintiff submitted a proposed amended pretrial order wherein she identifies specific documents contained in her former Exhibit 3. (Doc. 73). The amended pretrial order also reflects that Plaintiff's EEOC file is no longer listed as a joint exhibit and is instead listed as Plaintiff's Exhibit 1. (*Id*. at pp. 20—22). Defendant now objects to the admissibility of Plaintiff's EEOC file, asserting that it is "irrelevant, cumulative, will not assist the jury in deciding the issue in this case, a waste of time and likely to cause confusion at trial." (*Id*. at 22 n.11). Put differently, Defendant, by way of the amended pretrial order, withdrew its agreement to the admissibility of Plaintiff's EEOC file.

On May 27, 2016, less than six weeks before trial was then scheduled to begin, Defendant sought leave of court to file a motion in limine to "re-urge" its objections

to documents contained in Plaintiff's former Exhibit 3. (Doc. 77-1 at p. 3). In response, Plaintiff argues that Defendant waived any objection to the admissibility of her EEOC file, because it was formerly identified as a joint exhibit. (Doc. 85 at pp. 5—6; Doc. 94 at pp. 2—5). Defendant has argued, however, that it listed the EEOC file as a joint exhibit at a time when the issue of prescription was still in dispute.[2] (Doc. 77-1 at p. 11).

After further consideration, the Court will not permit Defendant's discrete amendment to the pretrial order relating to Plaintiff's EEOC file. *See Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002) (quoting *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.13 (5th Cir. 1985)) ("Even though amendment to the Pretrial Order may be allowed where no surprise or prejudice to the opposing party results, where . . . the evidence and the issue were known at the time of the original pretrial conference, amendments may generally be refused."). Defendant did not formally indicate that it was withdrawing agreement of the admission of Plaintiff's EEOC file until April 22, 2016, or *seven months* after the Court issued its finding on the issue of prescription.[3] The Court finds that Plaintiff was surprised by this late amendment and has suffered prejudice by the change in Defendant's position. *See id*. By labeling the EEOC file a joint exhibit and waiting until after the motion in limine deadline to then challenge its admissibility, the Court

---

[2] As previously indicated, the first joint pretrial order was submitted on August 27, 2015. (Doc. 32). The Court issued a Ruling and Order on September 11, 2015 finding that Plaintiff's claim was filed timely. (Doc. 35).

[3] Moreover, Defendant's change in position was memorialized in the amended pretrial order, the purpose of which was to allow Plaintiff to specify documents contained in her former Exhibit 3.

4

further finds that Defendant waived any objection to the same.[4] *See Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, No. 3:10-CV-1629-L, 2016 WL 1170829, at *4 (N.D. Tex. Mar. 25, 2016). Defendant's objections to the documents contained in Plaintiff's Exhibit 1 are therefore **OVERRULED**.

The Court notes, however, that Plaintiff has now agreed to remove pages 3, 5—7, 11, 20—26, 28—34, 39, 43, 52, and 118 from Exhibit 1. (Doc. 94 at p. 5). While this concession may have been made in connection with an objection the Court has now deemed waived, Plaintiff was nonetheless instructed to limit her exhibits to relevant documents. Plaintiff shall therefore remove the aforementioned pages from her Exhibit 1. Furthermore, Plaintiff shall redact any portion of the EEOC file that: (1) references efforts to reach a settlement in this matter or (2) is duplicative in light of information contained in joint exhibits.

*Plaintiff's Exhibit 2*

Plaintiff shall exclude from this exhibit those pages she does not object to removing.[5] (Doc. 94 at p. 19). Plaintiff shall also exclude from this exhibit: (1) any pages—including but not limited to those contained in Chapters 6, 11, 18—19, and 21—concerning pay, as the Court will hold a separate hearing if necessary to address

---

[4] The deadline to file motions in limine was October 15, 2015. (Doc. 13). The Court allowed Defendant to file its untimely motion in limine so it could "re-urge" its otherwise timely objection to documents contained in Plaintiff's former Exhibit 3. It cannot be said, however, that Defendant is re-urging a position taken in its previously filed motion in limine with respect to Plaintiff's EEOC file; Defendant agreed to the admissibility of the EEOC file at the time its motion in limine was filed.

[5] This includes pages 49, 50, 72 through 92, 100 through 105, 106 through 116, 122 and 138 through 140. (*Id.*). The stipulation Plaintiff seeks regarding these pages is unnecessary. If Defendant takes a position at trial that calls into question the relevancy of the information contained in these pages, Plaintiff may reurge her position.

the issue of front pay and back pay,[6] and (2) any pages relied upon to demonstrate that Plaintiff exhausted her administrative remedies. The Court has already determined that Plaintiff properly exhausted her administrative remedies. (*See* Doc. 35). The only issue to be tried is whether Plaintiff was discriminated against during the promotion process.

The Court finds that the information contained in Chapters 2, 3, 4, 9, 15, and 23 of this exhibit are not relevant to the issue of discrimination and shall therefore be excluded. Plaintiff shall replace Chapter 10 with a version in effect at the time of the promotion at issue. Pursuant to these instructions, Defendant's objections to this exhibit are **OVERRULED** in part and **SUSTAINED** in part.

*Plaintiff's Exhibit 3*

Like Plaintiff's EEOC file, Ms. Sonnier's employee notification form was previously listed as a joint exhibit. (Doc. 32 at p. 42). For the same reasons discussed above, Defendant's objection to this exhibit is **OVERRULED**. To the extent Defendant asserts this document is not properly redacted, it failed to direct the Court as to what additional portions it seeks to exclude.

*Plaintiff's Exhibit 7*

During argument on Defendant's motion in limine, the Court ruled that it would permit a LASERS employee to testify regarding the calculation of pension benefits. (Doc. 60). Because testimony on this issue will be offered at a separate

---

[6] (*See* Doc. 76 at p. 3 n.3) (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 823 (5th Cir. 1990); *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001)).

hearing, if necessary, there is no need to introduce any accompanying affidavit into evidence at trial. Defendant's objection to this exhibit is therefore **SUSTAINED**.

*Plaintiff's Exhibit 18*

Defendant's Human Resources Handbook regarding pay issues is relevant only to issues of front pay and back pay, which the Court will address at a separate hearing after trial if necessary. (Doc. 76 at p. 3 n.3). Defendant's objection to this exhibit is therefore **SUSTAINED**.

*Plaintiff's Exhibit 20*

The Court finds that applications of the unsuccessful candidates who interviewed for the ORS II Manager position may be relevant to the issue of discrimination. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001) (applications of unsuccessful candidates who applied for a position were found to be "minimally relevant" to the plaintiff's discrimination claim under the circumstances). Defendant's objection to this exhibit is therefore **OVERRULED** at this time.[7]

*Plaintiff's Exhibit 21*

Plaintiff has titled this exhibit "Materials that Prove Ms. Williams was Qualified for the Job of ORS Manager 2." Plaintiff shall exclude reference to the title of this exhibit and reference it solely by its number or a title mutually agreed upon

---

[7] The Court notes that Exhibit 20 is 138 pages and has been labeled "Applications of each candidate who *applied*" for the position of ORS Manager 2. (Doc. 94 at p. 27) (emphasis added).  Plaintiff later states that Exhibit 20 contains the applications of each person "who was *interviewed* by Defendant" for the ORS Manager 2 position. (*Id*.) (emphasis added). Pages 77 through 117 of Exhibit 1 have been identified as "the remainder of applications for the ORS Manager 2 position." (Doc. 94 at p. 18). Plaintiff shall be prepared to clarify this discrepancy, which may bear on the admissibility of these documents.

by the parties. The court finds that pages one through thirty-six of this exhibit are not relevant to the issue of discrimination. Defendant's objections to these pages are therefore **SUSTAINED**. Defendant does not object to the remaining pages of this exhibit.

*Plaintiff's Exhibit 23*

The Court finds that this "back log report" is not relevant to the issue of discrimination. Defendant's objection to this exhibit is therefore **SUSTAINED**. Plaintiff may reurge its request to introduce this document into evidence if it bears directly on testimony elicited from witnesses at trial.

*Plaintiff's Exhibit 24*

The Court finds that this list of telephone numbers is not relevant to the issue of discrimination. Plaintiff is available to testify regarding the number of employees she supervised. Moreover, there is nothing on this document indicating that the employees it lists were supervised by Plaintiff. Defendant's objection to this exhibit is therefore **SUSTAINED**.

*Plaintiff's Exhibit 25*

This exhibit contains a flowchart that represents the organizational structure of Defendant's workforce as of January, 2008. The Court finds that this document is relevant and may assist the jury in understanding the theory of Plaintiff's case. Defendant's objection to this exhibit is therefore **OVERRULED**.

*Plaintiff's Exhibit 27*

This exhibit contains a flowchart that represents the organizational structure of Defendant's workforce as of June, 2011, *i.e.* after the promotion at issue. The Court finds that this document is relevant and may assist the jury in understanding the theory of Plaintiff's case. Defendant's objection to this exhibit is therefore **OVERRULED**.

*Plaintiff's Exhibit 29*

This exhibit contains Plaintiff's entire personnel file. Plaintiff has stated that she is willing "to agree to limit Exhibit 29 to the pages agreed to by Defendant" in addition to certain pages identified in her motion[8] provided certain stipulations are met. (Doc. 94 at p. 36). For the reasons discussed in Plaintiff's motion, *(id.* at pp. 34—35), the Court finds that the specific pages she has identified are relevant to the issue of discrimination. The Court further finds that the stipulations sought by Plaintiff are either irrelevant, unnecessary, or capable of being established by way of testimony at trial. Plaintiff shall therefore exclude all pages contained in this exhibit except those identified in her "compromise." (*Id.* at p. 36). Plaintiff shall further exclude any portion of this exhibit that is duplicative of any joint exhibit. Subject to these conditions, Defendant's objections to this exhibit are **OVERRULED** in part and **SUSTAINED** in part.

---

[8] Plaintiff identifies pages 57, 72, 74, 76, 78, 81, 85, 89, 91, 93, 97, 99, 100-101, 105, 109, 112, 118, 121, 123, 133, 135, 137, 139, 141, 144, 148, 150, 156, 158, 161, 170, 172, 174, 180, 189, 199, 204, 207, 209, 216, 219, 222-223, 253, 260, 271, 273, 276, 278-79, 282, 285, 294-296 and 667.

Case 3:14-cv-00154-BAJ-RLB   Document 95   07/25/16   Page 10 of 11

*Plaintiff's Exhibit 30*

Plaintiff's Exhibit 30 is Ms. Sonnier's entire personnel file. Plaintiff shall remove pages contained within Ms. Sonnier's personnel file, or redact portions thereof, that do not pertain directly to: (1) the positions she held with Defendant before the promotion at issue; (2) promotions she received before the promotion at issue; (3) applications for positions she submitted before the promotion at issue; (4) reviews related to her performance prior to the promotion at issue; or (5) documents notating her race and/or sex. (Doc. 94 at p. 38) (referencing documents with notations "WF"). Plaintiff shall further exclude from this exhibit any portion that: (1) references Ms. Sonnier's work or performance history after she received the promotion at issue or (2) is duplicative of information contained in any joint exhibit. Defendant's objections to this exhibit are therefore **OVERRULED** in part and **SUSTAINED** in part.

*Plaintiff's Exhibits 32, 33, and 34*

These exhibits are job descriptions of the positions Plaintiff and Ms. Sonnier occupied prior to the promotion at issue, as well as the ORS Manager II position. Plaintiff seeks to introduce these documents to advance her theory that she was clearly better qualified than Ms. Sonnier at the time of the promotion at issue. (Doc. 94 at pp. 40—42). The Court finds that these documents are relevant to the issue of discrimination and the theory of Plaintiff's case. Defendant's objections to these exhibits are therefore **OVERRULED**.

10

*Plaintiffs Exhibits 35 and 36*

Plaintiff has agreed to withdraw these exhibits. (Doc. 94 at p. 42). Defendant's objections to these exhibits are therefore rendered moot.

*Plaintiff's Exhibit 40*

Plaintiff seeks to introduce Defendant's grievance policy into evidence to demonstrate that it did not apply to her. Plaintiff asserts this is necessary because Defendant pled in its Answer that she failed to exhaust her administrative remedies, and Defendant has failed to enter into a stipulation on this issue. (Doc. 94 at p. 42; Doc. 11 at p. 2). As discussed above, the only legal issue in dispute is whether Defendant discriminated against Plaintiff when it failed to promote her for the ORS Manager II position. The Court finds that this document is not relevant to the issue of discrimination. Defendant's objection to this exhibit is therefore **SUSTAINED**.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion in limine (Doc. 91) is **GRANTED** in part and **DENIED** in part.

Baton Rouge, Louisiana, this 22nd day of July, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

11