UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE WILLIAMS                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA                           NO.: 14-00154-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Reconsideration of the Order Granting Defendant's Rule 50 Motion (Doc. 107) (Doc. 113)** filed by Catherine Williams ("Plaintiff"), seeking relief from the Court's prior Ruling granting the State of Louisiana's ("Defendant") motion for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50. Plaintiff's motion is opposed. (Doc. 116). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons explained herein, Plaintiff's motion is **DENIED**.

I.    BACKGROUND

Plaintiff filed the instant action against the State of Louisiana on March 17, 2014, alleging that she was not promoted to the ORS II position because of race and seeking recovery under Title VII. (Doc. 1). The matter proceeded to trial, and after a four-day jury trial, Defendant rested its case and orally moved the court to dismiss Plaintiff's claims as a matter of law under Rule 50. (*See* Doc. 106). After a period of delay attributable to historic flooding in Baton Rouge, the Court reconvened and granted Defendant's re-urged motion for judgment as a matter of law. (*See* Doc. 107). Specifically, the Court noted that Plaintiff failed to present "sufficient circumstantial

1

evidence to allow a reasonable jury to conclude that" race was a factor in Defendant's decision not to promote Plaintiff to the ORS II position. (Doc. 109 at p. 5). Instead, the Court found that Plaintiff's case relied "almost exclusively on her subjective belief that she was discriminated against." (Doc. 109 at pp. 5 – 6). Accordingly, the Court dismissed Plaintiff's claims with prejudice.

Through the instant motions, Plaintiff requests that the Court: (1) reconsider its prior ruling pursuant to Rules 52, 60(a), 60(b), and/or 60(d); (2) grant Plaintiff's Rule 50 motion for judgment as a matter of law and award all available sanctions against Defendant pursuant to Rules 26 and 37; or (3) order a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 113-1 at p. 2). Specifically, Plaintiff alleges that Defendant perpetrated fraud on the Court by concealing relevant evidence and failing to disclose that a witness committed perjury. (Doc. 113-1 at p. 6). On this basis, Plaintiff requests that the Court issue sanctions under Federal Rules of Civil Procedure 26 and 37. (Doc. 113-1 at pp. 2 – 22). Plaintiff further asserts that relief is warranted under Rule 60(b)(1) because the Court made a "mistake" in granting Defendant's Rule 50 motion as Plaintiff presented sufficient evidence to demonstrate discrimination. (Doc. 113-1 at p. 22, 25 - 42). Plaintiff also requests that the Court take judicial notice of documents that she did not have an opportunity to present to the Court during trial, including (1) excerpts from the EEOC manual, and (2) a news article concerning allegedly discriminatory statements made by Senator Harry Reid regarding President Barack Obama.[1] (Doc. 113-1 at pp. 22 – 25).

---

[1] The CNN article provided by Plaintiff reports a public apology made by Senator Reid to President Obama for allegedly "racially insensitive" remarks. Specifically, the article reports that Senator Reid

## II.   DISCUSSION

At the outset, the Court finds that Plaintiff is not entitled to relief under Rule 52, which authorizes courts to amend findings in a judgment "[i]n an action tried on the facts *without a jury or with an advisory jury...*". Fed. R. Civ. P. 52(b) (emphasis added). Although Plaintiff's case did not ultimately go to the jury, this was not a case in which the action was tried without a jury or with an advisory jury, *i.e.*, a bench trial. Instead, Plaintiff presented facts and evidence to a jury before the Court found that Plaintiff failed to provide evidence sufficient to sustain her burden of proof under Title VII.  As such, Plaintiff is not entitled to an amended ruling based on Rule 52.

Nor is Plaintiff's attempt to file, for the first time in these proceedings, a Rule 50(b) motion availing. Plaintiff does not provide a basis upon which she seeks judgment as a matter of law pursuant to Rule 50, which alone is sufficient to deny the motion. However, Plaintiff is prevented from even bringing such a motion, as it is axiomatic that a party may not make a motion for judgment as a matter of law after trial unless it filed such a motion before the case was submitted to the jury. *See* Fed. R. Civ. P. 50(a) – (b). Here, Plaintiff did not make a Rule 50 motion during trial, and is therefore precluded from making such a motion now that the verdict has been rendered. *See Flowers v. Southern Regional Physician Services Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for judgment as a matter of law under Federal

---

said privately that President Obama, as a black presidential candidate, "could be successful thanks, in part, to his 'light-skinned' appearance and speaking patterns 'with no Negro dialect, unless he wanted to have one." (Doc. 113-14 at p. 1). Plaintiff requests that the Court take judicial notice of the "facts" reported in this new article. (Doc. 113-1 at p. 24).

evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion...").

Plaintiff next seeks relief under various provisions of Rule 60, none of which are availing. First, Plaintiff makes no showing that the ruling contains a clerical mistake or a mistake arising from oversight or omission warranting amendment under subsection (a). Plaintiff further argues that relief is warranted under Rule 60(b)(1) because the Court committed a "mistake" when it granted Defendant's motion for judgment as a matter of law and should have considered additional evidence. (Doc. 113-1 at p. 22). Plaintiff's argument is based on her assertion that (1) she was not afforded a full opportunity to request that the Court take judicial notice of "several facts" prior to presenting closing arguments, and (2) her evidence meets the legal burden of proof. (*Id.*). Neither argument is availing.

First, Defendant correctly notes that the documents which Plaintiff requests that the Court to take judicial notice of do not establish "adjudicative facts that are not subject to reasonable dispute." Under Federal Rule of Evidence 201(b), a fact is not subject to reasonable dispute if it is either: (1) generally known within the territorial jurisdiction of the court, or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The sources cited by Plaintiff, however, do not qualify as "adjudicative facts" of which the Court may take judicial notice. Additionally, Plaintiff's request regarding the news article does not include a specific "fact" that has any factual or legal bearing on this case. That is, the Court does not recognize how taking judicial notice "that on

4

January 9, 2010, Senator Reid was quoted as saying privately that now President Obama, as a black candidate for President at the time, could be successful thanks, in part, to his "light-skinned appearance and speaking patterns with no Negro dialect, unless he wanted to have one" might affect this case or might have persuaded the jury on the applicable issues. The Court notes Plaintiff's suggestion that Senator Reid's statement was discriminatory in nature, and her concern that the media reported on Senator Reid's statements "just months before the decision not to promote Ms. Williams." (Doc. 113-1 at p. 28). However, the events reported in this news article have absolutely nothing to do with this case, and the Court will not assume relevance because of the temporal proximity of the news article's publication and employment decisions regarding Ms. Williams.

Further, the Court declines Plaintiff's request to take judicial notice of selective portions of the EEOC manual. The Court is not aware of other provisions that might have a bearing on the facts presented at trial. Even more troubling is that Defendant had no opportunity to challenge the applicability of the provisions cited. Moreover, Plaintiff fails to clearly state the reasons for which judicial notice of the EEOC plan would have been necessary or helpful if the case had gone to the jury. As such, the Court denies Plaintiff's request to take judicial notice of the offered documents and finds that failure to do so during trial had no bearing on the Court's ruling on Defendant's Rule 50 motion.[2]

---

[2] The Court notes that nothing prevented Plaintiff from requesting that the Court take judicial notice of these documents at any time during presentation of her case in chief. *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). As such, the Court is not persuaded by Plaintiff's assertion that she was unable to request judicial notice before filing the instant motion.

The Court reemphasizes that Plaintiff's evidence failed to meet the legal burden of proof on which the Court granted Defendant's Rule 50 motion; that is, Plaintiff's burden of proving that the reasons offered by Defendant were a pretext for discrimination. Plaintiff places much undue emphasis on the Court's denial of summary judgment on Plaintiff's claims. In the previous Ruling on Defendant's motion for summary judgment, the Court found that Plaintiff satisfied its burden of establishing a *prima facia* case of discrimination. (Doc. 35 at pp. 16 – 21). However, once Defendant sufficiently provided non-discriminatory reasons for its refusal to promote Plaintiff, Plaintiff failed to satisfy its burden of proving pretext. Such is the basis upon which defendant's Rule 50 motion was granted. (*See* Doc. 109). Thus, the Court's previous Ruling on Defendant's motion for summary judgment did not establish that Plaintiff was entitled to prevail at trial, and Plaintiff's failure to prove that the offered non-discriminatory reasons were a pretext for discrimination is the ultimate reason she did not prevail.

Plaintiff also argues that she is entitled to relief under Rule 60(b)(3), which authorizes the Court to relieve a party of an order for "fraud..., misrepresentation, or misconduct by an opposing party", because: (1) Linda Sonnier committed fraud on the witness stand and Defendant's counsel knowingly failed to inform [the Court] after being made aware of such; (2) Defendant intentionally concealed the Job Description for ORS Manager 2 of the Adjudication Unit; and (3) Defendant intentionally concealed Ms. Sonnier's 2009 PPR. (Doc. 113-1 at p. 3).

A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Because Rule 60(b)(3) "is aimed at judgments which were unfairly obtained [and] not at those which are factually incorrect," Rule 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case. *Id.*

Plaintiff has failed to carry her burden of establishing by clear and convincing evidence that Defendant obtained its judgment through fraud. First, the affidavit submitted by Plaintiff to support her assertion that Linda Sonnier and Defendant's counsel colluded to prevent testimony regarding the 2009 PPR is speculative, at best. In her affidavit, Christine Franklin, who asserts that she was present in the courtroom at trial, stated that she remembers Ms. Sonnier asking Defendant's attorney how she did immediately after testifying to the jury that she had lost crucial personnel documents, specifically Ms. Williams' 2009 PPR. (Doc. 113-6 at ¶¶ 3 – 7). From this alleged exchange, Defendant concludes that Ms. Sonnier committed perjury and Defense counsel failed to disclose such to the Court. (Doc. 113-1 at p. 6). This speculative interpretation of a witness's casual statements is not sufficient to satisfy Plaintiff's burden of proving fraud by clear and convincing evidence. Further, Plaintiff's contentions regarding the alleged intentional concealment of the ORS

7

Manager 2 job description and Ms. Sonnier's 2009 PPR lack merit. Plaintiff has presented no satisfactory argument or evidence that the 2009 PPR was previously concealed by Defendant but has since been discovered by Plaintiff. In fact, Plaintiff has not alleged that the 2009 PPR has been discovered at all. Instead, Plaintiff's assertions merely demonstrate that Plaintiff requested the 2009 PPR and nothing more.

For reasons similar to those previously stated, Plaintiff is unable to prove that Defendant perpetrated fraud on the Court and is therefore entitled to relief under Rule 60(d)(3). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace [s] ... the species of fraud which does or attempts to [ ] defile the court itself." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989) (quotation omitted). Plaintiff's assertions that Defendant intentionally concealed important documents during discovery, without more, do not demonstrate that Defendant perpetrated fraud on the Court. Plaintiff has not shown that Defendant hatched "an unconscionable plan or scheme ... designed to improperly influence the court in its decision." *Rozier*, 573 F.2d at 1331 (quotation and citation omitted). As Plaintiff has failed to demonstrate that Defendant has engaged in sanctionable conduct, the Court finds no reason to sanction Defendant under Rules 26 or 37.

Outside of the above-mentioned allegations, Plaintiff has not demonstrated that she is otherwise entitled to a new trial under Rule 59. Rule 59(a)(1)(A) provides that a district court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 614 (5th Cir. 1985).

What Rule 59(a)(1)(A) does not provide, however, is a mechanism by which a court may "simply substitute [its] judgment for that of the jury, thus depriving the litigants of their right to trial by jury." *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980). Accordingly, a new trial "should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great not merely the greater weight of the evidence." *Id.* "Factors militating against new trials in such cases are simplicity of the issues, the degree to which the evidence was in dispute, and the absence of any pernicious or undesirable occurrence at trial." *Id.*

Here, Plaintiff has failed to provide a legally satisfactory reason why a new trial is necessary. Nowhere in her 42 page memorandum does Plaintiff offer sufficient evidence or argument that the Court's ruling on Defendant's Rule 50 motion was wrongly procured or not based on the evidence properly before it.  As the Court previously noted in its Ruling on Defendant's Rule 50 motion, Plaintiff presented no

direct or circumstantial evidence "to allow a reasonable jury to conclude that the reasons offered [for failure to promote Plaintiff to the ORS II position] were, in fact, pretext for discrimination." (Doc. 109 at p. 5). The arguments and evidence offered by Plaintiff as a basis for reconsideration do not change this conclusion. As such, Plaintiff's request for a new trial under Rule 59 is denied.

III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration of the Order Granting Defendant's Rule 50 Motion (Doc. 107) (Doc. 113) filed by Plaintiff Catherine Williams is **DENIED**.

Baton Rouge, Louisiana, this 27th day of January, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**