UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHERINE WILLIAMS | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA | NO: 14-00154-BAJ-EWD |

## RULING AND ORDER

Before the Court is a **Motion for Leave to Proceed In Forma Pauperis (Doc. 120)** filed by Catherine Williams ("Plaintiff"), seeking leave to proceed *in forma pauperis* with her appeal to the United States Court of Appeals for the Fifth Circuit. For the reasons that follow, Plaintiff's motion is **DENIED**.

### I. DISCUSSION

On March 7, 2014, Plaintiff filed the Complaint in this action alleging race and gender discrimination under Title VII. (Doc. 1). The action proceeded to a jury trial on August 19, 2016, and, after the close of evidence, the trial was temporarily delayed due to historic flooding in East Baton Rouge Parish and surrounding areas. When the trial resumed on August 29, 2016, the Court granted the State of Louisiana's ("Defendant's") motion for judgment as a matter of law and dismissed Plaintiff's remaining claims. After the Court denied Plaintiff's Motion for Reconsideration (Doc. 117), Plaintiff filed her Notice of Appeal on February 27, 2017, appealing "the final judgment (Doc. 110) entered…on September 2, 2016 and the Ruling and Order denying Plaintiff's Motion for Reconsideration (Doc. 117) entered…on January 30, 2017" as well as various adverse evidentiary rulings by the Court. (Doc. 118).

1

Thereafter, Plaintiff filed a transcript request and the instant motion, seeking assistance in paying the remaining costs associated with her appeal, including the costs of obtaining the Court's transcripts. (*See* Docs. 119, 120).

The statute authorizing the Court to grant *in forma pauperis* status to an indigent party requires that the party demonstrate an inability to pay fees associated with the action. *See* 28 U.S.C. § 1915. Further, and relative to the instant request, Federal Rule of Appellate Procedure ("Rule") 24 requires a party who desires to pursue an appeal as a pauper to attach an affidavit that, among other things, shows the party's inability to pay or to give security for fees and costs. Fed.R.App.P. 24(a)(1). Attached to Plaintiff's motion is an affidavit delineating Plaintiff's income, assets, liabilities, and expenses. (*See* Doc. 120-2).

Generally, the execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the Court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *See Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); *see also* 28 U.S.C. § 1915(a). Typically, a district court must inquire as to whether the costs of an appeal would cause an undue financial hardship to the litigant, a standard that requires a showing of more than an inconvenience to the applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also Walker v. Univ. of Tex. Med. Branch*, No. 08–417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and,

therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Based on the financial information provided, the Court finds that Plaintiff is not indigent and is capable of paying the remaining costs associated with her appeal without sacrificing the necessities of life, and would consequently not suffer an undue financial hardship should she proceed with her appeal. The financial information submitted in the affidavit in support of Plaintiff's request to proceed *in forma pauperis* reflects that Plaintiff is presently employed and receives monthly retirement benefits and rental income, resulting in a total monthly income of $3,775.65. (*See* Doc. 120-2 at p. 1). Plaintiff also has approximately $3,300.00 in bank accounts or other financial institutions, and Plaintiff's asset list includes a 2007 Honda Accord, although the affidavit does not list a specific value. (*See* Doc. 120-2 at p. 2).[1] Plaintiff's monthly expenses, including utilities, insurance, and property taxes, total $4,119.56 per month.[2] (Doc. 120-2 at p. 4). Plaintiff's affidavit further suggests

---

[1] Interestingly, Plaintiff lists real property income in her calculation of monthly income and property taxes in her calculation of monthly expenses, yet claims no home or real estate assets.

[2] That Plaintiff's monthly income is approximately $343.91 less than her combined monthly expenses is not inconsistent with the Court's finding that Plaintiff can proceed with her appeal without experiencing undue financial hardship. Several courts within the Fifth Circuit have denied *in forma pauperis* status to litigants with similar financial circumstances. For example, the court in *Buckhaulter v. Bank of America Corporation* found that a party with a monthly income of $3,600.00 and monthly expenses totaling $3,846.00 could not proceed *in forma pauperis* where the plaintiff had several hard assets and $200.00 each in cash and in a bank account. *Buckhaulter v. Bank of America Corp.*, No. 3:14-CV-545, 2014 WL 4370619 (S.D. MS. Aug. 29, 2014). Additionally, a district court has found that an annual income of approximately $20,000.00 was sufficient to deny *in forma pauperis* status to a litigant. *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22 (2d Cir. 1988*); see also Ponder v. Schultz*, No. 3:02-CV-1353, 2002 WL 31114054 (N.D. TX. Sept. 20, 2002)

that she has a total yearly income of $45,307.80, which is well above the official poverty guidelines for a family of her size.³ On the whole, Plaintiff's income would allow her to pay fees and costs associated with her appeal without undue hardship.

II. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to Proceed In Forma Pauperis (Doc. 120)** filed by Catherine Williams is **DENIED**.

Baton Rouge, Louisiana, this 14th day of April, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

(finding that a combined monthly income of $2,876.00 was enough to deny *in forma pauperis* status). In another case, the plaintiff was denied *in forma pauperis* status because he had a monthly income of $3,025.00, owned a home and two cars (one of which belonged to his spouse), and had a savings account with $76.00. The plaintiff's only dependent was his spouse. *Duran v. Macias-Price*, No. 1:07-cv01209, 2007 WL 2462066 (E.D. CA. Aug. 27, 2007).

³ Plaintiff's affidavit indicates that she has one minor granddaughter who is dependent on Plaintiff for support. Assuming, based on this information, that Plaintiff's household has two persons, the applicable poverty guideline would be $16,240. *See* U.S. Department of Health & Human Services, Office of the Assistant Secretary for Planning and Evaluation, *Poverty Guidelines*, https://aspe.hhs.gov/poverty-guidelines (last visited April 13, 2017).

4